**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward J. ARLT, III,
Defendant-Appellant.**

No. 77–1471
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1977.

Edward J. Arlt, III, pro se.

Kenneth J. Mighell, U. S. Atty., Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This appeal comes from appellant's conviction, under 26 U.S.C. § 7205, for submitting false withholding exemption certificates to his employer. Appellant's sole claim in this appeal is that the district court should have allowed him to be represented by lay persons at his trial. We disagree with appellant's contention and therefore affirm the district court.

At his initial appearance before a United States Magistrate, appellant moved that two lay persons be appointed as his "counsel of choice." That motion was denied after a special hearing before a district judge. Appellant renewed his motion when he appeared for trial before the magistrate; again the motion was denied. Thereafter appellant withdrew his earlier waiver of a jury trial and requested a trial by jury. The case was remanded to the district court where, after a trial in which appellant appeared *pro se*, a jury found appellant guilty as charged.

Appellant bases his contention upon the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." Neither appellant's argument nor later cases incline us to depart from this court's conclusion that "[t]here is no colorable merit in the proposition that a criminal defendant . . . is constitutionally vested with the right of assistance or representation by a lay person." *United States v. Cooper*, 493 F.2d 473, 474 (5th Cir.) (per curiam), *cert. denied*, 419 U.S. 859, 95 S.Ct. 108, 42 L.Ed.2d 93 (1974). For a thorough discussion of the meaning of "counsel" in the Sixth Amendment, see *Turner v. American Bar Association*, 407 F.Supp. 451 (N.D.Tex.1975), *affirmed sub nom. Pilla v. American Bar Association*, 542 F.2d 56 (8th Cir. 1976), and *sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976). *See also United States v. Kelley*, 539 F.2d 1199, 1201–03 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976).

AFFIRMED.

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir., 1970, 431 F.2d 409, Part I.