UNITED STATES of America, Plaintiff-Appellee,

v.

Edward J. ARLT, III, Defendant-Appellant.

No. 77–5340

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1978.

Rehearing and Rehearing En Banc Denied March 13, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Edward J. Arlt, III, pro se.

Kenneth J. Mighell, U. S. Atty., Gerhard Kleinschmidt, R. H. Wallace, Jr., Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This is Arlt's second appeal from his conviction, under 26 U.S.C. § 7205. On his first appeal where his sole contention was that the district court should have allowed him to be represented by counsel, we affirmed his conviction. *United States v. Arlt*, 5 Cir., 1977, 560 F.2d 200.

■ Appellant is not entitled to two appeals. Therefore, this second appeal is not properly before this Court.

However, even if this second appeal were properly before this Court, we find the contentions raised in appellant's pro se briefs to be without merit.

■ Appellant first contends that the indictment was the result of illegal and unconstitutional grand jury proceedings because there was no record made of the testimony of witnesses. This contention is meritless. Grand jury minutes need not be kept. *See United States v. Howard*, 5 Cir. 1970, 433 F.2d 1.

■ Appellant challenges the selection of grand and petit juries on two grounds. First, he contends that the selection of jurors from a voter registration list excluded a substantial portion of the community because a substantial portion of the population in the counties involved were not registered to vote. Although appellant made a timely objection to the jury array in the court below, he failed to meet the burden of showing that the selection process systematically and arbitrarily excluded a cognizable class from jury service to his prejudice. *See United States v. De Alba-Conrado*, 5 Cir. 1973, 481 F.2d 1266. The use of voter registration lists has been upheld by this Court even if an identifiable group votes in a proportion lower than the rest of the population. *See United States v. Goff*, 5 Cir. 1975, 509 F.2d 825, cert. denied, 423 U.S. 857, 96 S.Ct. 109, 46 L.Ed. 83 (1975).

■ Second, he contends that a vacancy in the post of jury commissioner violated the Federal Jury Selection Act. 28 U.S.C. § 1861 *et seq.* This contention is meritless. The record reveals that appellant failed to show that there had been a substantial failure to comply with the provisions of the Act. Section 1863(b)(1) does not mandate the appointment of a jury commissioner. *See United States v. Davis*, 5 Cir. 1977, 546 F.2d 583. A technical violation of the Act is not sufficient unless it affects the random nature or objectivity of the selection process. Such was not the case here. *See*

*United States v. Kennedy*, 5 Cir. 1977, 548 F.2d 608.

■ Moreover, although the Jury Selection Plan for the Northern District of Texas provided for the appointment of a jury commissioner, it also provided that the clerk alone may perform any acts designated to be done by the jury commission. The record reveals that this was the practice in the Fort Worth Division. Consequently, there has been no violation of the Northern District's plan.

■ Appellant's next contention that he was denied the right to counsel by the court's refusal to allow him representation by a lay person has been rejected by this Court. *United States v. Arlt*, 5 Cir. 1977, 560 F.2d 200.

■ Appellant assigns error to the prosecutor's closing comments, regarding his 1976 tax return, as being hearsay and prejudicial. Appellant made no objection to the closing argument at trial. We find no error here.

■ Appellant next assigns error to the prosecutor's comments regarding appellant's failure to testify. When appellant offered his 1976 tax refund check as an exhibit, the prosecutor commented that it should be admitted only through the appellant as a witness so that he can properly be cross-examined because the check had not been introduced into evidence. When the appellant objected on the grounds that these comments concerned his failure to take the stand, the trial judge cautioned the jury not to consider such statements. Then in his instructions to the jury, the trial judge again told the jury not to draw inferences from appellant's failure to testify. The prosecutor made only one comment concerning appellant's failure to testify. In cases such as this where such comment is brief and immediately corrected by the trial judge, this Court has been unable to see how appellant was prejudiced by such comments. *United States v. Goodwin*, 5 Cir. 1972, 470 F.2d 893, cert. denied 411 U.S. 969, 93 S.Ct. 2160, 36 L.Ed.2d 691 (1973).

██ Appellant next challenges the charge requiring a unanimous verdict on the grounds that it left the jury with the impression that they would remain confined until they reached a unanimous decision. Appellant made no objection to this charge at trial. In viewing the charge as a whole, there is nothing in the charge indicating that the jury was being pressured into reaching a verdict. There were no time restraints as the trial judge instructed them if they did not reach a verdict that afternoon, they could return the next day to resume their deliberations. There was no error here. *See United States v. Cheramie,* 5 Cir. 1975, 520 F.2d 325.

██ Appellant's contention, that the court improperly restricted appellant's cross-examination of Government witness, Kayo Rankin, is meritless. The record reveals that the trial judge interrupted appellant's cross-examination when it was repetitive, and when questions were asked the witness which required a legal opinion, which the witness was not qualified to answer.

██ Appellant next challenges the court's voir dire of the jury panel as being improper because questions were addressed to the panel as a group and not individually. He also argues that the members of the panel were not under oath at the time of the voir dire. This contention is meritless. Appellant made no objection to this procedure at trial.

██ Appellant next contends that the evidence failed to prove that he committed the offense charged in the indictment because the indictment stated that appellant supplied a false and fraudulent statement on a Form W–4 when the form actually used was not a standard Form W–4 provided by the Internal Revenue Service. The Employee's Withholding Exemption form utilized by appellant's employer contained the same identical pertinent provisions of a standard Internal Revenue Form W–4. Consequently, the employer's form complies with the statute and the regulations enacted thereunder. *See* 26 U.S.C. § 3402(f)(5) and 26 C.F.R. 31.3402(f)(5)–1. Although there is a variance between the indictment and the proof, the variance did not change the elements of the offense. Variances constitute reversible error only in those cases in which the variances actually prejudice the defendant. *See Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; *United States v. Somers,* 3 Cir. 1974, 496 F.2d 723. Here appellant has made no showing of any prejudice. A month prior to trial, appellant knew that the Government was relying on his employer's form as the basis for the indictment.

██ In arguing that the statement was not false and fraudulent and not willfully supplied, appellant seems to be contending that the evidence was not sufficient to sustain conviction. This contention is refuted by the record. The evidence reveals that appellant in 1975, earned $22,589, claimed 4 exemptions with itemized deductions in the amount of $4,707.98. In 1976 when appellant filed the Employee Withholding Exemption form with his employer and claimed 99 exemptions, he also filed a document declaring that he had no tax liability in 1975 and anticipated none in 1976. He also stated that he owed no income tax because the Sixteenth Amendment was never properly ratified, Federal Reserve Notes did not constitute real money and the income tax laws denied him equal protection. Under the circumstances of this case there was ample evidence proving that appellant acted willfully and that his claim of 99 exemptions was false. His defense that the 99 exemptions was simply a symbol to stop withholding is insufficient because he adduced no evidence to show that he was legally entitled to stop taxes from being withheld.

Appeal DISMISSED.