UNITED STATES of America,
Plaintiff-Appellee,

v.

Floyd R. BENSON, Defendant-Appellant.

No. 78–5406
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 30, 1979.

Rehearing Denied April 30, 1979.

Floyd R. Benson, pro se.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Arnaldo N. Cavazos, Jr., Asst. U. S. Atty., Dallas, Tex., Gerhard E. Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Floyd R. Benson, appealing *pro se,* attacks his conviction on four counts of submitting false income tax withholding certificates, in violation of 26 U.S.C. § 7205. Benson alleges an abridgement of his sixth amendment right to counsel, claims that the federal reserve notes he received as employment compensation do not constitute income, and challenges several aspects of the district court's instructions to the jury.

■ Benson asked the district court to permit a lay friend to assist him as counsel in his defense. Although the district court carefully explained Benson's sixth amendment rights to the assistance of licensed counsel, including appointed counsel if necessary, Benson steadfastly refused the assistance of any member of the licensed bar. The court would not allow an unlicensed person to question witnesses or address the jury, but the court did allow Benson's friend to sit at counsel table and consult with Benson during trial. On many occasions the court allowed the trial to stop while Benson conferred with his lay assistant. It is apparent both from the record and the appellant's brief that his refusals to accept a licensed attorney stemmed from an abiding distrust of the legal profession. At trial he quoted at length from passages in the New Testament which Benson urges require equating the actions of today's lawyers to those of the Scribes and Pharisees. In his brief on appeal he quotes from the Gospel according to St. Luke and notes statements made by the President and Chief Justice of the United States critical of the legal profession. However sincere Benson's suspicions of the licensed bar may be, however, there is no sixth amendment right to be represented by a non-attorney. *United States v. Anderson,* 577 F.2d 528, 261 (5th Cir. 1978); *United States v. Bertolini,* 576 F.2d 1133 (5th Cir. 1978); *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978); *United States v. Arlt,* 560 F.2d 200 (5th Cir. 1978). The district court was solicitous of Benson's sixth amendment rights in repeatedly explaining Benson's right to court-appointed counsel, and was patiently accommodating of Benson's consultations with his lay friend. Benson's sixth amendment claim has no merit.

■ Benson's argument that Federal Reserve Notes do not constitute income for tax purposes is frivolous. Federal Reserve Notes are the common medium of exchange in all fiscal affairs of the nation. They are legal tender for taxes. 31 U.S.C. § 392 (1965); *Mathes v. Commissioner of Internal Revenue,* 576 F.2d 70, 71 (5th Cir. 1978).

■ We find all of Benson's allegations of error in the court's jury charge unmeritorious. Benson claims that the court erroneously referred to the withholding exemption certificates as "withholding allowance certificates." No objection was made to this simple misnomer at trial, and it certainly did not prejudice any of the appellant's substantial rights. Benson challenges the court's instructions on willfulness. We find that the court correctly defined willfulness in the context of a criminal tax violation as a voluntary and "intentional violation of a known legal duty." *United States v. Buckley,* 586 F.2d 498, 504 (5th Cir. 1978).

■ Finally, Benson challenges the court's charge that a good faith belief in the unconstitutionality of the Federal Reserve System does not constitute "a legal defense to willful failure to file an income tax return." The appellant's objection to this charge is its reference to the failure to file a return; the appellant was tried for supplying false withholding information, not failure to file a return. We hold that when considered in context there was nothing incorrect in the court's reference and it did not prejudice the appellant. The focus of the trial and the jury instruction was whether Benson knew that the withholding information he supplied was false; that issue necessarily involved the question of whether Benson knew what his tax liability would be. The court's reference dealt with whether Benson's beliefs concerning the Federal Reserve System could eliminate the

element of willfulness, and it correctly stated that they could not. There is, therefore, no basis for the appellant's contention that the court's charge could have confused the jury as to the crime with which the appellant was charged.

The conviction is

AFFIRMED.