**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tommy Lee JONES,
Defendant–Appellant.**

**No. 80–1139
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 15, 1980.
Rehearing Denied Nov. 18, 1980.

Clyde R. Maxwell, Morgan C. Taylor, Newport Beach, Cal., for defendant–appellant.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for the United States.

Before GEE, RUBIN and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Jones, a tax protester, appeals to us his convictions of mail fraud, of supplying false information to his employer, and of failure to file a tax return.

The argument given most prominence in his briefing is that the trial court erred in refusing to admit certain testimony tending to support one of his defensive contentions. This contention was that he believed in good faith that the Federal Reserve System is unconstitutional, that its notes are not "money," and hence that he had received no income subject to taxation. He complains also that the court's refusal to charge the jury on this "defense" was error since some of the evidence that was admitted–including extensive testimony by Jones himself– went to that issue.

We have heretofore squarely held that a good–faith belief in the unconstitutionality of the Federal Reserve System does not constitute a legal defense to willful failure to file an income tax return. *United States v. Benson*, 592 F.2d 257 (5th Cir. 1979). These laws, like all others, must be obeyed by the citizen unless and until they are *held* unconstitutional. Jones does not claim insanity, ignorance of the existence of the taxing system, or action in reliance on competent tax counsellors who were themselves fully advised. He simply asserts that his layman's opinion and belief, derived from his readings and from attendance at various lectures on the subject, insulates him from criminal responsibility by negating the willfulness requisite to proof of specific intent on his part to violate the law.

It will not do. We may sympathize with, we may even admire, a citizen's defiance of law that he believes to be unjust and unconstitutional. We may follow with interest, even with hope, his efforts to have that law so declared. But we need not even listen to his contention that he has passed sincere, private judgment upon it as invalid and hence is exempt from its sanctions.[1]

We have reviewed Jones' other contentions with care. They are relatively standard for appeals of this genre, are without merit, and do not require discussion.

AFFIRMED.

---

1. It follows that his evidence to this effect was not admissible.