WILLIAM VICKERS AND KATHY VICKERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vickers v. Commissioner
Docket No. 19161-82.
United States Tax Court
T.C. Memo 1983-429; 1983 Tax Ct. Memo LEXIS 358; 46 T.C.M. (CCH) 833; T.C.M. (RIA) 83429; July 25, 1983. *358 Held, in these circumstances, respondent's determinations of an income tax deficiency and an addition to the tax under sec. 6653(a), I.R.C. 1954, sustained. Held further, on the Court's own motion, damages are awarded to the United States in the amount of $500 since this proceeding was instituted merely for delay. Sec. 6673, I.R.C. 1954. *359 William Vickers and Kathy Vickers, pro se. Sheri Wilcox, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion *360 for Summary Judgment. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on May 16, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on April 26, 1982, determined a deficiency in petitioners' Federal income tax and an addition to the tax for the taxable calendar year 1980 in the following respective amounts: Addition to Tax, I.R.C. 1954
Year
Income Tax
Section 6653(a) [3]
1980
$6,917.54 [4]
$345.88
*361 Respondent's income tax deficiency determination is predicated on his disallowance of a so-called "conversion figure" of $26,332.00 claimed by petitioners on their joint 1980 return. Petitioners' legal address on the date they filed their petition was Route 1, Box 111-A, Salado, Texas. They filed a joint 1980 Federal income tax return with the Internal Revenue Service. An imperfect petition was filed on July 26, 1982 and an amended petition was filed on September 28, 1982. Thereafter, respondent filed an answer to amended petition on November 22, 1982. [5] Hence, the pleadings are closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. *362 On line 8 of their 1980 return petitioners reported compensation and wage income in the amount of $28,726.00. [6] On line 28 petitioners claimed a false deduction of $26,332.00 for what they describe as a "conversion figure" to arrive at the "fair market value" of their adjusted gross income, which they report on line 31 to be $2,394.00. By so doing, petitioners reported that they owed no tax and sought a refund of the entire tax withheld from Mr. Vickers' compensation and wages. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and *363 concise lettered statements of the facts on which petitioner bases the assignments of error * * *". It is clear to us that petitioners are yet others in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and others with frivolous claims. It is clear beyond doubt that their petition alleges no justiciable error with respect to the Commissioner's determinations and no justiciable facts in support of such error are extant therein. [7] Since they have no valid defense to the Commissioner's determinations they use this forum as a platform to unleash a plethora of frivolous legal and constitutional contentions which have been rejected by this Court and others on innumerable occasions. We answer petitioners' frivolous claims, as gleaned from this record, hereinbelow. Petitioners' *364 principal contention seems to be that their 1980 wages consisted of notes and that they had to report, for Federal income tax purposes, only the fair market value of the notes they received. Such contention is patently frivolous. United States v. Benson,592 F.2d 257 (5th Cir. 1979); [8]Mathes v. Commissioner,576 F.2d 70 (5th Cir. 1978); United States v. Ware,608 F.2d 400 (10th Cir. 1979), rehearing and rehearing en banc denied Oct. 25, 1979; United States v. Anderson,584 F.2d 369 (10th Cir. 1978); Sibla v. Commissioner,68 T.C. 422 (1977), affd. 611 F.2d 1260 (9th Cir. 1980); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). See also Stamper v. Commissioner,T.C. Memo. 1983-248. Respondent issued a valid notice of deficiency, a timely petition was filed and this Court has jurisdiction of this case. Sections 6212, 6213, and 6214. The determinations made *365 by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioners [not respondent] to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). This Court generally (as is the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). The Federal income tax laws are constitutional. Since the ratification of the Sixteenth Amendment, it is immaterial with respect to income taxes, whether the tax is a direct or indirect tax. The whole purpose of the Sixteenth Amendment was to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived. Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916). See Hayward v. Day,619 F.2d 716 (8th Cir. 1980). *366 The U.S. Tax Court is a court of record established under Article I of the Constitution of the United States and duly empowered to hear and decide cases within the authority entrusted to it [including this case]. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); sections 7441 and 7442. See also, Rowlee v. Commissioner,80 T.C. No. 61 (filed on June 15, 1983) Slip Opinion at 6-7, which thoroughly devitalizes petitioners' contention that the United States Tax Court is not a constitutional Court. Petitioners have not been wrongfully denied a jury trial. [9] "The Seventh Amendment does not apply to suits against the United States, because there was no common law action against the sovereign. McElrath v. United States,102 U.S. 426, 440 (1980). Thus, it has repeatedly been held that there is no constitutional right to a jury trial in the Tax Court. Phillips v. Commissioner,283 U.S. 589, 599 n. 9 (1931); Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); *367 Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court." Rowlee v. Commissioner,supra at 7-8. See section 7453. Gross income means all income from whatever source derived including (but not limited to) wages. It includes income realized in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined". Eisner v. Macomber,252 U.S. 189, 207 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), where the Court said--"* * * 'the earnings of the human brain and hand when unaided by capital's are commonly treated as income" and "* * * the Sixteenth Amendment is broad enough *368 to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income". [Citations omitted.] "One's gain, ergo his 'income,' from the sale of his labor is the entire amount received therefor without any reduction for what he spends to satisfy his human needs". Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioners] may represent no more than the time-value of [their] work, they are nonetheless the fruit of [their] labor, and therefore represent gain derived from labor which may be taxes as income". [Emphasis added.] Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein. See also Rowlee v. Commissioner,supra at 14-19, and cases cited therein. While petitioners may, indeed, petitioner this Court as they did (sections 6212 and 6213), they had an option to seek another forum. Drake v. Commissioner,554 F.2d 736, 739 (5th Cir. 1977). However, since they opted to file a petition with this Court, the mere filing of that petition is sufficient to deprive a U. *369 S. District Court of jurisdiction for the year now before this Court. Moreover, we have no authority to remove this case to a U.S. District Court. Dorl v. Commissioner,57 T.C. 720 (1972), affd. 507 F.2d 406 (2d Cir. 1974). Furthermore, the Court has no procedure authorizing or permitting a party to unilaterally withdraw a petition once filed. It has long been well established that in order to be valid, a deficiency notice need not be signed at all. Commissioner v. Oswego Falls Corp.,71 F.2d 673 (2d Cir. 1934), Pendola v. Commissioner,50 T.C. 509, 514 (1968). Indeed, a notice of deficiency is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough. Olsen v. Helvering,88 F.2d 650, 651 (2d Cir. 1937). Petitioners maintain that the deficiency has been determined "upon additions to income" and that the Commissioner has failed to determine the nature and source of that income. Such statements are blatently false. The Commissioner's determinations are based upon his disallowance of a claimed false *370 deduction. Moreover, petitioners themselves identified and verified the nature and source of their 1980 income on their 1980 return. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [10]
The record here contains a complete copy of the notice of deficiency, an imperfect petition and an amended petition, the answer, a copy of petitioners' *371 1980 return (Form 1040) with attached copies of Forms W-2 issued by Mr. Vickers' employers and respondent's affidavit. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted. [11]
The final matter we consider is whether, in the circumstances here extant, we should, on our own motion, award damages to the United States under section 6673[12] and, if so, in what amount. We addressed the very heart of this matter in September of 1977 in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), when we stated in clear and unequivocal language: In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has *372 before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society". Compania de Tabacos v. Collector,275 U.S. 87, 100 (1927).The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely *373 to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depend upon a real and actual wrong--not an imagined wrong--which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred. [13]
*374 While we did not award damages in Hatfield we issued this warning--"* * * but if tax protesters continue to bring such frivolous cases, serious consideration should be given to imposing such damages". [Citations omitted.] Similar warnings were promulgated in Crowder v. Commissioner,T.C. Memo. 1978-273 and Clippinger v. Commissioner,T.C. Memo. 1978-107. Protest petitions continued to be filed with this Court with increased frequency and, finally, upon motion of respondent, we began awarding damages to the United States in appropriate cases. See Wilkinson v. Commissioner,71 T.C. 633 (1979) and Greenberg v. Commissioner,73 T.C. 806 (1980). [14] Shortly after we issued Greenberg the Court, for the first time, awarded damages in a proper circumstance on our own motion. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). [15] Petitions filed merely for delay continued to overburden this Court's docket. In recognition of this fact, on June 15, 1981 we aptly stated-- It may be appropriate to note further that this Court has been flooded *375 with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).] *376 This Court is not the only Court that has considered and awarded damages, either on its own motion or on motion of the Commissioner, in a proper case. In a tax protester situation, where one of the frivolous issues was whether the U.S. Constitution forbids taxation of compensation received for personal services, the Fifth Circuit Court of Appeals stated in late 1981-- Appellants' contentions are stale ones, long settled against them. As such they are frivolous.Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed. R. App. P. We publish this opinion as notice to future litigants that their continued advancing of these long-defunct arguments invites sanctions, however. [Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122.][16]
In Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983), *377 affg. per curiam an unreported order and decision of this Court, the Court of Appeals following its warning took action. There, damages were not sought nor awarded in our Court. Damages were sought by the Commissioner and awarded in the Court of Appeals. [17]
The Court of Appeals for the Ninth Circuit has, in a decisive manner, awarded damages (under Rule 38, Fed. R. App. P.) in several tax protester cases on its own motion. On July 7, 1982, in Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982), affg. per curiam an unreported decision entered by this Court, that Court said-- Meritless appeals of this nature are becoming increasingly burdensome on the Federal Court system. We find this appeal frivolous,Fed. R. App. P. 38, and accordingly award double costs to appellee [the Commissioner of Internal Revenue]. [Citations omitted.] (Emphasis added.) Accord, McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Barmakian v. Commissioner,698 F.2d 1228 (9th Cir. 1982), *378 affg. without published opinion an unreported order and decision of this Court; Martindale v. Commissioner,692 F.2d 764 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court. [18]
Here, petitioners were explicitly and correctly advised by respondent in the notice of deficiency upon which their petition is predicated that the law provides "no exclusion, reduction, or deduction" entitling taxpayers to reduce the income which they receive to a purported fair market value. Notwithstanding, they petitioned this Court and have asserted in their defense nothing but frivolous contentions. Petitioners with genuine controversies have been delayed while we considered this case. In these circumstances, petitioners cannot and have not shown that they, in good faith have a colorable claim to challenge the Commissioner's determinations. Indeed, they knew when they filed their petition that they had no reasonable expectation of receiving a favorable decision. There has been no change in the legal climate and in view of the *379 extensive and long well settled case precedents, no reasonably prudent person could have expected this Court to reverse itself in this situation. [19]
"When the costs incurred by this Court and respondent are taken into consideration, the maximum damages authorized by the statute ($500) do not begin to indemnify the United States for the expenses which petitioner's frivolous action has occasioned. Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly and fairly participate in our tax collection system. * * *". Sydnes v. Commissioner,supra at 872-873. Since *380 we conclude that this case was brought merely for delay, the maximum damages authorized by law ($500) are appropriate and will be awarded pursuant to section 6673. To reflect the foregoing An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended. ↩
4. The income tax deficiency includes a self-employment tax of $2,052.54.↩
5. Respondent, in his deficiency notice on which the petition herein is based gave the following reason for his disallowance of the so-called "conversion figure"-- "It is determined that you are not allowed a deduction for the conversion figure of $26,332.00, as shown on your income tax return for the tax year 1980, since no exclusion, reduction, or deduction is allowable for reducing income to a purported fair market value. Accordingly, your tax table income is increased $26,332.00 for the tax year 1980". A copy of said deficiency notice, containing the beforequoted language is attached to the amended petition, which was filed on September 28, 1982.↩
6. The compensation and wage income is verified by statements supplied by the employers of petitioner William Vickers and copies thereof are in this record. Those statements disclose compensation and wages paid to Mr. Vickers in 1980 by the following employers: ↩
Harold L. Thompson Builder and
Real Estate, Inc.
$24,857.40
J.D. Blevins, Inc.
560.00
Bell Properties, Inc.
3,308.60
28,726.00
7. In such posture, Rule 34(b)(4) states, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded". See Jarvis v. Commissioner,78 T.C. 646, 658 (1982), and Gordon v. Commissioner,73 T.C. 736, 739 (1980). See and compare Russell v. Commissioner,60 T.C. 942, 943-944↩ (1973).
8. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Fifth Circuit.↩
9. Petitioners' reliance on United States v. Anderson,584 F.2d 369↩ (10th Cir. 1978), is misplaced.That case was a refund suit in the United States District Court for the District of Wyoming, where jury trials are permitted.
10. Such outside materials may consist of affidavits, interrogatories, admissions, documents, or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩.
11. We have carefully reviewed petitioners' Objection filed on June 20, 1983 and find it to be totally without merit.↩
12. Sec. 6673 provides-- "Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax." We observe that in proceedings commenced after December 31, 1982 this Court is permitted to impose damages up to $5,000 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where taxpayer's position in such proceeding is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-249, 96 Stat. 574. ↩
13. The language in the first paragraph quoted above, so true when stated, is all the more impelling today because of the ever increasing caseload of this Court.↩
14. See also, Cornell v. Commissioner,T.C. Memo. 1983-370; Sommer v. Commissioner,T.C. Memo. 1983-196; Jacobs v. Commissioner,T.C. Memo. 1982-198; Senesi v. Commissioner,T.C. Memo. 1981-723, affd.     F.2d     (6th Cir. 1983); Swann v. Commissioner,T.C. Memo. 1981-236↩, dismissed (9th Cir. 1982). We note that the predecessor of the statute we now consider, which in essence, contained virtually identical language, was enacted by Congress in 1926. 15. See also, Mele v. Commissioner,T.C. Memo. 1983-387; Ballard v. Commissioner,T.C. Memo. 1982-56; and Graves v. Commissioner,T.C. Memo. 1981-154, affd. without published opinion 698 F.2d 1219↩ (6th Cir. 1982).
16. Rule 38, Federal Rules of Appellate Procedure, provides-- DAMAGES FOR DELAY. If a Court of Appeals shall determine that an appeal is frivolous, it may award just damaged and single or double costs to appellee.↩
17. Double costs were assessed against Mr. Knighten.↩
18. In none of the four cases decided by the Ninth Circuit were damages sought or awarded in this Court.↩
19. "* * * [A] person's intent in performing an act includes not only his motive for acting (which may be defined as the objective which inspires the act), but also extends to include the consequences which he believes or has reason to believe are substantially certain to follow." Greenberg v. Commissioner,73 T.C. 806, 814↩ (1980).