[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No.  20-10282
Non-Argument Calendar

————————————————

D.C. Docket No. 8:16-cr-00502-JSM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILLA ANN ELLIS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(August 4, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Priscilla Ann Ellis appeals from the district court's denial of seven post-

conviction motions for the removal of Special Administrative Measures ("SAMs")

on her custodial sentence, along with other relief.  On appeal, the government has moved to dismiss the appeal in part for lack of jurisdiction, for summary affirmance in part, and to stay the briefing schedule pending resolution of its motion.

## I.

The government's motion to dismiss this appeal for lack of jurisdiction is GRANTED IN PART and DENIED IN PART.  Priscilla Ellis appealed from the district court's order denying seven miscellaneous motions generally related to altering the SAMs imposed on her current custodial sentence.  Nonetheless, portions of her merits brief on appeal appear to challenge the validity of her underlying convictions and sentences.  To the extent these issues involving the validity of her convictions and sentences were raised in Ellis's brief, we dismiss this appeal as duplicative because those issues are or have been the subject of other appeals.  *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (noting "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits"); *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978)[1] (noting that an "[a]ppellant is not entitled to two appeals").  The government's remaining arguments in support of dismissal are denied.

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotations omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We do not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Under the law-of-the-case doctrine, both the district court and our Court are bound by findings of fact and conclusions of law we made on a prior appeal of the same case unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

We GRANT the government's motion for summary affirmance as to Ellis's challenges to the SAMs and her conditions of confinement because there is no substantial question that Ellis's challenges are barred by the law-of-the-case doctrine. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Specifically, Ellis raised the same challenges to her SAMs and the conditions of her confinement in appeal no. 19-12452 and, in that appeal, we granted summary affirmance on the ground that, had those claims been brought under § 2241, the district court lacked jurisdiction over them and, had she brought them under *Bivens*,[2] the district judge was entitled to absolute immunity. Unlike in that case, the district court here implied that it viewed Ellis's claims as falling under 28 U.S.C. § 2241. Therefore, the law-of-the-case doctrine bars consideration of Ellis's claims again where we previously decided, in the same case, that the district court lacked jurisdiction to consider her challenges to her SAMs under § 2241. *See Stinson*, 97 F.3d at 469. Further, none of the exceptions to the law-of-the-case doctrine apply and Ellis has not argued that they do. And although the district court did not base its ruling on the law-of-the-case doctrine, we may affirm on any ground supported by the record. *See Al-Arian*, 514 F.3d at 1189.

Finally, to the extent that Ellis bases her challenge on *Bivens*, she has also waived our consideration of that argument by raising it for the first time on appeal

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

since she did not discuss *Bivens* in any of the seven motions relevant to this appeal. *See Access Now, Inc.*, 385 F.3d at 1331. Thus, as there is no substantial question as to the outcome of the case, we GRANT the government's motion for summary affirmance as to Ellis's challenges to the SAMs and conditions of confinement. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, we DENY the government's motion to stay the briefing schedule, and all other pending motions, as moot.