[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12416

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:91-cr-00655-WPD-1

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Charles Clark, a federal prisoner proceeding *pro se*, appeals the district court's order denying his most recent motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, Pub. L. No. 115 391, 132 Stat. 5192 (Dec. 21, 2018). In response, the government moves for summary affirmance of the district court's order or alternatively to stay the briefing schedule.

I

In 1992, a jury convicted Mr. Clark of two drug charges involving the trafficking of 4,550 kilograms of cocaine from 1984 to 1990. The district court sentenced him to life imprisonment.

After the final judgment, subsequent appeal, and other post-conviction motions for relief, Mr. Clark filed a motion for compassionate release in September of 2020. In that motion, he argued that his health conditions—in addition to the COVID-19 pandemic--created extraordinary and compelling reasons warranting release. The district court denied that motion in November of 2020 based on the 18 U.S.C. § 3553(a) sentencing factors and found that COVID-19 conditions in prisons did not warrant relief. Mr. Clark appealed that order after filing an unsuccessful motion for reconsideration. We affirmed that decision in September of 2021 in Appeal No. 20-14432.

21-12416                 Opinion of the Court                 3

While that appeal was pending before us, Mr. Clark filed a self-styed "emergency" motion with the district court seeking compassionate release or a sentence reduction on non-medical grounds, as well as appointment of counsel. He asserted that the First Step Act allowed him to request compassionate release or relief for non-medical reasons and asked that his sentence be modified to match current sentencing law. The district court denied his motion, finding that there were no extraordinary and compelling reasons warranting release, and again emphasizing the seriousness of his offense and that COVID-19 conditions in the prison did not warrant relief. The district court entered an order to that effect in June of 2021. Mr. Clark filed a notice of appeal designating only the latter order for review.

In this appeal, Mr. Clark contends that we have jurisdiction to again review the district court's November 2020 order and the denial of his subsequent motion for reconsideration. In that respect, he argues that the district court erred in denying his motion for compassionate release based on his heath, age, and the COVID-19 crisis, and maintains that the length of his sentence and his rehabilitation efforts weigh in favor of his release. Significantly, Mr. Clark does not expressly challenge the district court's June 2021 ruling denying his most recent motion for compassionate release.

In its motion for summary affirmance, the government argues that Clark has abandoned any challenge to the district court's June 2021 order denying his most recent motion for compassionate

release based on non-medical reasons.  Alternatively, it asserts that he presented no extraordinary and compelling reasons for release.

## II

Summary disposition is appropriate where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In this case, we agree with the government that summary disposition is warranted.

We liberally construe *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But when appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Generally, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  Abuse of discretion review "means that the district court had a range of choice" and we will not "reverse just because [it] might have come to a different conclusion." *Id.* at 912 (quotation marks omitted).  We have no occasion to apply that standard here, however, because Mr. Clark does not challenge the district court's denial of his most recent

21-12416              Opinion of the Court                    5

motion for compassionate release.  By not contesting that denial, he has abandoned any claim that the denial was erroneous, and summary affirmance is in order.

To the extent that Mr. Clark is challenging the denial of the November 2020 order, we already affirmed that order in September of 2021.  Mr. Clark is not entitled to a second appeal from the same order.  *See United States v. Arit*, 567 F.2d 1295, 1297 (5th Cir. 1978).  Moreover, our prior decision binds us under the law of the case doctrine because Mr. Clark has not presented new and substantially different evidence, identified a change in the controlling authority, or shown that the previous decision was clearly erroneous.  *See This That & The Other Gift & Tobacco, Inc. v. Cobb Cty.*, Ga., 439 F.3d 1275, 1283 (11th Cir. 2006).

### III

Accordingly, because the government's position is "clearly right as a matter of law" we GRANT its motion for summary affirmance and DENY as moot its motion to stay the briefing schedule. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.