[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10016

Non-Argument Calendar

_____

JAMES ARTHUR VAN MEERTEN,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket NoS. 6:18-cv-02099-CEM-DCI,
6:17-cr-00198-CEM-DCI-1

————————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. James Van Meerten, a Florida prisoner proceeding *pro se*, appeals from a "final judgment entered [by the district court] on October 18, 2023." No such judgment exists in this case. The final judgment disposing of Van Meerten's 28 U.S.C. § 2255 motion was entered on August 26, 2021. Van Meerten timely appealed that judgment and, in appeal number 21-13205, we denied a certificate of appealability. There was not any activity in this § 2255 action after the appeal concluded and before Van Meerten filed the instant appeal.

To the extent Van Meerten again seeks to appeal the § 2255 judgment, his appeal is duplicative and untimely. We may use our inherent administrative power to dismiss duplicative litigation in order to avoid wasting judicial resources. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976); *accord I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). Another appeal of the § 2255 judgment would be duplicative. *See United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978)[1]

---

[1] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

(noting that an appellant is not generally entitled to two appeals from the same judgment).

Further, the 60-day statutory time limit required Van Meerten to file a notice of appeal from the August 26, 2021 judgment on or before October 25, 2021.  28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).  However, Van Meerten did not file this notice of appeal until January 2, 2024.  Accordingly, even if it was not duplicative, the notice of appeal is untimely and cannot invoke our appellate jurisdiction.  *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017).

To the extent Van Meerten intends to appeal the district court's October 18, 2023 order denying, in his separate criminal case, his motion to alter or amend the § 2255 judgment, there is a pending appeal from that order.  Indeed, Van Meerten listed that appeal number—23-13774—on the instant notice of appeal.

All pending motions are denied as moot.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.