[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10450

Non-Argument Calendar

_____

MANUEL A. JUNES,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cv-21855-MGC

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. In February 2024, Manuel Junes, a prisoner proceeding *pro se*, mailed the district court a notice of appeal that appears intended for a state appellate court in a state habeas corpus action. The district court docketed the notice in this federal habeas corpus action that concluded several years ago. The district court entered a final order in this action on May 16, 2018, and we affirmed the denial of habeas relief in June 2019.

To the extent that Junes intends to again appeal the final order in this federal case, his appeal is untimely and duplicative. The statutory time limit required Junes to file a notice of appeal on or before November 14, 2018, which was 30 days after the date judgment was deemed entered on the district court's May 16, 2018 order. *See* Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7)(A). However, Junes did not file the instant notice of appeal until February 6, 2024. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that a *pro se* prisoner's notice of appeal is deemed filed on the date that he delivered it to prison authorities for mailing, and absent contrary evidence, we assume that a prisoner delivered a filing on the date he signed it).

Additionally, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6).

24-10450                Opinion of the Court                3

Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time).

Even if Junes's instant notice of appeal was timely, it is duplicative of his prior appeal before us, appeal no. 18-12500, because it challenges the same judgment that we affirmed. *See United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978) (holding that an appellant "is not entitled to two appeals" from the same judgment); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (noting that we have inherent administrative power to dismiss duplicative litigation to avoid wasting judicial resources).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.