In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13677

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REGINALD BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00089-MMH-MCR-2

_____

Before ROSENBAUM and ABUDU, Circuit Judges.

2                         Order of the Court                    24-13677

BY THE COURT:

In 2019, Reginald Brown was convicted of several counts of conspiracy to commit and aiding and abetting mail and wire fraud, engaging in illegal monetary transactions, and failure to file a tax return.  Before sentencing, the district court granted the government's motion for an order of forfeiture as to Brown in the amount of $411,752.68, to be paid jointly and severally with his co-conspirator.  That order specified that the government could "seek, as a substitute asset, . . . forfeiture of any of [Brown's] property up to th[at] value."  On November 3, 2020, the court entered a final judgment that, among other things, ordered him to pay restitution to the City of Jacksonville and BizCapital BIDCO II, LLC.  Brown appealed, and we affirmed his conviction and sentence in Appeal No. 20-14254.

Since then, as relevant here, the district court has entered various restitution- and forfeiture-related orders, some of which concerned the forfeiture of a piece of real property located in Jacksonville, Florida.  The last of those orders, entered on October 11, 2024, granted the government's motion to substitute the United States Small Business Administration ("SBA") for BizCapital BIDCO II, LLC as a victim for purposes of restitution.

In 2024, Brown, now proceeding *pro se*, filed another notice of appeal, in which he stated that he intended to appeal "any and all pretrial, trial[,] and/or post-trial rulings, . . . as well as restitution and forfeiture orders and judgments."  We issued jurisdictional

24-13677                 Order of the Court                 3

questions about what, specifically, Brown is appealing and whether we have jurisdiction to review the appealed rulings.

Given his response to those questions, we construe Brown's notice of appeal as evincing an intent to appeal from the district court's November 3, 2020, judgment and all prior rulings, as well as all the postjudgment restitution- and forfeiture-related orders. *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"), 3(c)(4) (providing, however, that "[t]he notice of appeal encompasses all orders that . . . merge into the designated judgment or appealable orders and "[i]t is not necessary to designate those orders"); 3(c)(7) ("An appeal must not be dismissed . . . for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment."); *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (explaining that *pro se* filings are liberally construed).

However, Brown has already appealed from the district court's November 3, 2020, judgment, which drew into question all preceding orders, including the preliminary order of forfeiture. *See* 28 U.S.C. § 1291; *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985) ("In a criminal case[,] the final judgment [is] the sentence."); *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (explaining that an appeal from a final judgment brings up all prior non-final rulings that produced the judgment); *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002)

(explaining that preliminary orders of forfeiture become final as to the defendant at sentencing and are included in the judgment). He is not entitled to two appeals from that judgment. *See United States v. Arlt*, 567 F.2d 1295, 1296-97 (5th Cir. 1978). Accordingly, Brown's appeal is DISMISSED IN PART as duplicative of his earlier appeal, No. 20-14254, to the extent he challenges the November 3, 2020, judgment or any orders that preceded it. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986).

Additionally, Brown lacks standing to appeal from the district court's postjudgment forfeiture-related orders. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (explaining that, under Article III of the Constitution, our jurisdiction is limited to "cases" and "controversies," which require, *inter alia*, standing); *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003 (explaining that it is a jurisdictional requirement that litigants establish their standing to appeal). When assessing standing as to forfeiture, we "have looked to whether the litigant has an interest in the property subject to the forfeiture because, absent an interest in the property, there is no case or controversy." *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019).

The district court's preliminary, prejudgment order of forfeiture specified that the government could seek forfeiture of any of Brown's property up to the value of $411,752.68. None of the postjudgment forfeiture-related orders expanded the scope of Brown's forfeiture obligation. *See United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (explaining that a defendant has

24-13677                    Order of the Court                         5

standing to challenge a preliminary order of forfeiture because "th[e] order causes his injury—the loss of his property"); *United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014) (explaining, however, that a defendant has no right to appeal from a final order of forfeiture because the order "has no bearing on the defendant's rights"). Here, the district court's prejudgment order of forfeiture "extinguished" all of Brown's interests in the property. *See Amodeo*, 916 F.3d at 972. Accordingly, Brown's appeal is also DISMISSED IN PART to the extent he challenges any of the district court's postjudgment forfeiture-related orders, including those concerning the forfeiture of his Jacksonville property. *See id.* at 973.

This appeal shall proceed as to only Brown's appeal from the district court's October 11, 2024, order granting the government's motion to substitute the SBA as a victim for purposes of restitution.

**DISMISSED IN PART.**