**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13378

Non-Argument Calendar

_____

ALFREDO BLESS,

*Plaintiff-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

et al.,

*Defendants,*

MS. KING,

  Director of Nursing,

MS. COTTON,

SELENA MONTEMURRO,

C.N.A.,

POWELL,

  (D.O.N.) Nurse,

  Shepherd,

  (F.D.C.) Sergeant, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-00085-TJC-LLL

_____

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Alfredo Bless, pro se, filed a notice of appeal that, liberally construed, challenges the district court's: (1) January 22, 2025 judgment dismissing his case; and (2) September 5, 2025 order denying his postjudgment motion, which the district court construed as a Fed. R. Civ. P. 60(b) motion. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (explaining that we liberally construe pro se filings).

The notice of appeal, which is deemed filed on September 22, 2025, under the prison mailbox rule, is untimely to appeal the January 22 judgment, as the 30-day statutory time limit required Bless to file a notice of appeal challenging the judgment by February 21, 2025. *See* 28 U.S.C. § 2107(a) (providing that, in civil cases where there is not a federal party, a notice of appeal must be filed within 30 days after the entry of the order or judgment appealed from); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that, under the prison mailbox rule, a pro se prisoner's court filings are deemed filed on the date he delivers them to prison authorities for mailing and if that date is not known, and there is not contrary evidence, we assume he delivered the filing

25-13378              Opinion of the Court                    3

on the day that he signed it); Fed. R. App. P. 4(c)(1).  His construed Fed. R. Civ. P. 60(b) motion, which is deemed filed on March 12 under the prison mailbox rule, did not toll the time to appeal, as it was not filed within 28 days of the judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi) (providing that a motion for relief under Fed. R. Civ. P. 60 must be filed within 28 days of the entry of the order or judgment to toll the time to appeal); *Advanced Bodycare Sols., LLC v. Thoine Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010) (explaining that an untimely Rule 4(a)(4) motion does not toll the time to appeal).  Therefore, we lack jurisdiction over Bless's appeal of the January 22 judgment.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (explaining that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement).

As to Bless's appeal of the September 5 order, he appealed the order in a separate notice of appeal dated September 14, and that appeal is pending in appeal number 25-13420.  He is not entitled to two appeals from the September 5 order.  *See United States v. Arlt*, 567 F.2d 1295, 1296-97 (5th Cir. 1978) (explaining that an appellant "is not entitled to two appeals" from the same judgment); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (explaining that federal courts may use their inherent administrative power to dismiss duplicative litigation and avoid wasting judicial resources).

4                   Opinion of the Court                 25-13378

Accordingly, this appeal is DISMISSED for lack of jurisdiction as to the January 22 judgment and as duplicative as to the September 5 order.