ESTATE OF LEOMA H. DESFOSSES, DECEASED, PAUL JAMES DESFOSSES, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
DesFosses v. Commissioner
Docket No. 6980-87.
United States Tax Court
T.C. Memo 1992-196; 1992 Tax Ct. Memo LEXIS 219; 63 T.C.M. (CCH) 2637; April 1, 1992, Filed *219 Decision will be entered under Rule 155 Paul James DesFosses (personal representative), for petitioner. Joel A. Lopata, for respondent. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined a deficiency of $ 1,597 in the 1980 Federal income tax of decedent, Leoma H. DesFosses (decedent). After mutual concessions, the issues remaining for decision are: (1) Whether decedent paid or incurred medical expenses of $ 6,000; (2) whether decedent is entitled to claim a dependency exemption with respect to a grandchild, and, if so, whether decedent is entitled to utilize the head of household filing status; (3) whether decedent is entitled to claim a residential energy credit of $ 300; and (4) whether decedent incurred a deductible casualty loss of $ 600. For convenience, we combine our findings of fact and our legal analysis relating to each issue. Some of the facts have been stipulated and are so found. Decedent lived in Pocatello, Idaho, when she died on April 21, 1981. Decedent's son, Paul James DesFosses (DesFosses), was appointed personal representative and resided in Pocatello, Idaho, when the petition in this case was filed. Medical Expenses
In August *220 of 1979, when she reached the age of 65, decedent became eligible for health insurance coverage under Title XVIII of the Social Security Act (Medicare). Social Security Act Amendments of 1965, Pub. L. 89-97, tit. I, sec. 102(a), 79 Stat. 291, 42 U.S.C. 1395c-1395i-4 (1988). In 1980, decedent also apparently had additional health insurance coverage with either Blue Cross and Blue Shield Insurance Co. or with Allstate Insurance Co. to cover medical expenses not reimbursed by Medicare. In 1980, decedent suffered from a number of medical ailments that necessitated frequent trips to a physician and to the hospital. The evidence establishes that in 1980, decedent (or decedent's health care providers) filed claims with Medicare requesting payment of decedent's medical expenses, and Medicare paid a number of these claims. Decedent was also hospitalized in January of 1981, and she remained hospitalized until her death in April of 1981. Decedent deducted medical expenses in the amount of $ 150 on her 1980 Federal income tax return. On audit, respondent disallowed this deduction for lack of substantiation. In the petition filed in this case by decedent's estate (the estate), the amount *221 of medical expenses claimed for 1980 was increased to $ 6,000. Section 213(a) [1] generally allows taxpayers to deduct amounts paid for unreimbursed medical expenses of the taxpayer, the taxpayer's spouse, and the taxpayer's dependents. See Cooper v. Commissioner, T.C. Memo. 1987-334; Kilgannon v. Commissioner, T.C. Memo. 1965-118; sec. 1.213-1(a)(1), Income Tax Regs.
A special rule applies to deceased taxpayers. Under section 213(d), [2] if a decedent's medical expenses are paid by the decedent's estate within one year from the date of death, the expenses will be treated as paid by the decedent on the date the expenses were originally incurred. *222 Taxpayers have the burden of proving that their expenses are deductible as medical expenses under section 213. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). At trial herein, various medical bills and canceled checks, relating to medical expenses and prescriptions were admitted into evidence in an attempt to substantiate the claimed medical expenses. The evidence, however, does not indicate whether or not decedent or the estate received insurance reimbursements for the medical expenses. A number of the canceled checks were written on a joint checking account bearing the names of decedent and her daughter Diane Naylor (Diane). The checks written on the joint checking account lack any indication as to whether the checks relate to decedent's medical expenses or to Diane's medical expenses. Respondent contends that the evidence before this Court does not establish that the expenses in issue were medical expenses of the decedent which decedent paid or incurred in 1980. Also, respondent contends that the estate has failed to establish that decedent did not receive reimbursements from insurance in connection with the claimed medical expenses. The *223 estate has not met its burden of proving that any of the $ 6,000 in claimed expenses are deductible under section 213 as unreimbursed medical expenses of decedent. We sustain respondent's determination on this issue. Dependency Exemption
The estate alleges that Diane, Diane's husband Craig Naylor (Craig), and Diane's two children lived with decedent in 1980 and that decedent provided financial support to Diane's family during 1980. On decedent's 1980 Federal income tax return as filed, dependency exemptions were claimed with respect to Diane and the two children. On Diane and Craig's 1980 joint Federal income tax return, however, an exemption was also claimed with respect to Diane and dependency exemptions were also claimed with respect to the two children. In 1984, Diane and Craig filed with respondent an amended 1980 joint Federal income tax return in which they claimed an exemption with respect to Diane and a dependency exemption only with respect to one of the two children. Decedent's 1980 Federal income tax return was never amended to reduce the number of dependency exemptions claimed by decedent. On audit, respondent determined that decedent was not entitled to *224 claim any dependency exemptions. At trial, the estate conceded that decedent was not entitled to two of the three dependency exemptions claimed on decedent's 1980 Federal income tax return. The estate, however, contends that decedent is entitled to claim one dependency exemption with respect to Diane's child that was not claimed as a dependent by Diane and Craig on their amended 1980 joint Federal income tax return. Generally, for purposes of claiming dependency exemptions under section 151(e), an individual is considered to be a dependent only if the taxpayer provides over one-half of the individual's support. Sec. 152(a). The testimony of DesFosses was the only evidence introduced by the estate to establish that decedent provided over one-half of the support for the one child in question. DesFosses testified that in 1980 decedent provided financial support for Diane and her two children. DesFosses, however, did not mention any specific examples of the support allegedly provided by decedent, nor of the sums of money involved. Such general testimony is insufficient, in this case, to establish decedent's entitlement to claim a dependency exemption on decedent's 1980 Federal *225 income tax return with respect to the one child, and we sustain respondent's determination with respect to this issue. In order to utilize the head of household filing status to compute Federal income tax liability, a taxpayer must have a dependent within the meaning of section 152(a), with respect to whom the taxpayer is entitled to claim a dependency exemption for the year in issue. Secs. 2(b), 151(e). In light of our holding that decedent is not entitled to a dependency exemption under section 151(e), the estate is not entitled to utilize head of household filing status in computing decedent's 1980 Federal income tax liability. Residential Energy Credit
Decedent owned a duplex house. Decedent lived in one side of the house and rented the other side. Decedent claimed a $ 300 residential energy credit on her 1980 Federal income tax return that respondent disallowed on audit. Section 44C(a) allows taxpayers to claim residential energy credits for certain qualified energy conservation expenditures and for certain qualified renewable energy source expenditures. To be entitled to claim residential energy credits, taxpayers must establish, among other things, that the expenditures *226 were made with respect to the taxpayers' principal residence. Sec. 44C(c)(1) and (2). The estate presented several canceled checks as evidence that decedent made qualifying expenditures under section 44C. The canceled checks, however, do not establish that the expenditures were made with respect to decedent's principal residence, rather than with respect to decedent's rental property. In fact, one of the canceled checks reflects a notation that specifies that the check pertains to work performed on the rental property. Further, no evidence was submitted to establish that decedent's expenditures would otherwise qualify under section 44C. We sustain respondent's disallowance of the residential energy credit. Casualty Loss
Decedent was involved in several automobile accidents in 1980. As a result, in October of 1980, decedent's automobile insurer canceled decedent's automobile insurance policy. In November of 1980, decedent was involved in another automobile accident. In July of 1982, the estate paid $ 700 for repairs to decedent's automobile, which repairs are alleged to have been made in connection with the November automobile accident. On decedent's 1980 Federal *227 income tax return, a casualty loss deduction of $ 600 was claimed with respect to the alleged November automobile accident. On audit, respondent disallowed the casualty loss deduction for lack of substantiation. Section 165(a) allows taxpayers to deduct losses that are "sustained during the taxable year and not compensated for by insurance or otherwise." If a loss is not incurred in connection with a taxpayer's trade or business, the taxpayer may deduct the loss only if it arises from a fire, storm, shipwreck, or other casualty, or from theft. Sec. 165(c)(3). A taxpayer may deduct a casualty loss only in the year in which the loss actually occurs, as fixed by identifiable events occurring during the year. Sec. 1.165-1(d)(1), Income Tax Regs. However, if a taxpayer has insurance and can claim reimbursement with respect to the loss for which there is a reasonable prospect of recovery, no portion of the loss may be deducted until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Sec. 1.165-1(d)(2)(i), Income Tax Regs.
Casualty loss deductions also are limited in amount to the lesser of the adjusted basis of the property or the *228 amount by which the fair market value of the property immediately before the casualty exceeds the fair market value of the property after the casualty. Turecamo v. Commissioner, 64 T.C. 720, 729 (1975), affd. on another issue 554 F.2d 564 (2d Cir. 1977); sec. 1.165-1(c)(1), Income Tax Regs. The amount of the taxpayer's loss may be established by evidence of the cost of repairs to the property. Turecamo v. Commissioner, supra at 729-730; sec. 1.165-7(a)(2)(ii), Income Tax Regs. Casualty loss deductions are further limited in amount by a $ 100 statutory exclusion, applicable to each casualty loss with respect to which a deduction is allowable. Sec. 165(c)(3). Respondent concedes that in July of 1982 the estate made a payment of $ 700 in connection with an automobile accident. Respondent, however, asserts that the casualty loss deduction of $ 600 claimed with respect thereto should be disallowed because the estate has not established that the payment pertains to the November 1980 accident that occurred after decedent's automobile insurance was canceled. DesFosses testified that the automobile accident from which the claimed *229 casualty loss arose occurred in November of 1980, a month after decedent's automobile insurance policy was canceled and that neither decedent nor the estate received any insurance reimbursement with respect thereto. We find DesFosses' testimony in this regard to be credible. We hold that decedent in 1980 incurred a deductible casualty loss of $ 600. Casualty losses must be claimed by individual taxpayers as itemized deductions on the taxpayers' Federal income tax returns. For 1980, however, in order for taxpayers to be entitled to itemize deductions, their total itemized deductions must exceed the zero bracket amount under section 63(d). Sec. 63(g)(2). For 1980, decedent's total $ 2,225 in itemized deductions do not exceed the $ 2,300 zero bracket amount applicable to single individual taxpayers, and therefore no deduction may be claimed on decedent's 1980 Federal income tax return with respect to the casualty loss. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 213(d) was redesignated as section 213(c) for years starting after 1983 by the Tax Equity and Fiscal Responsibility Act of 1982, Pub L. 97-248, sec. 202(b)(3)(B), 96 Stat. 324, 421.↩