## WINSLETT v. UNITED STATES.
### No. 9993.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1941.

Rehearing Denied Jan. 12, 1942.

Roderick Beddow, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and MIZE, District Judge.

HUTCHESON, Circuit Judge.

Defendant and one Butler were convicted on five of six counts of an indictment, charging in, Count 1, possession of an unregistered still; Count 2, unlawfully carrying on the business of a distiller without having given bond; Count 3, unlawfully carrying on the business of a distiller with the intent to defraud the United States; Count 4, unlawfully working in a distillery not bearing the sign required by law; Count 5, unlawfully carrying raw materials to such a distillery. Sentenced on Count 1, to a term of two years and a fine of $1,-000; on Count 2, to two years, beginning at the expiration of the sentence on Count 1, and to pay a fine of $1,000, and placed on probation on Counts 3, 4, and 5, defendant appeals. Planting himself on the proposition that each count of the indictment charges an offense committed on, to-wit, the second day of November, 1940, appellant bases his attack upon the conviction and his claim for its reversal upon the ground, that there was no evidence tending to support these charges and the general charge should have been given.

There was evidence that on, or several days after, the second of November, several still sites and stills in various stages of dismantlement or assembly were found on land of appellant adjoining that that Butler had rented from him. There was evidence too; that on November 2nd, stills were found near Butler's place, and while the searchers were there, defendant drove up in the yard; that they looked into the car and defendant had there one twenty-five and two one hundred pound sacks of sugar, and one one hundred pound sack of shorts, which he said that he was furnishing Butler, but he did not say for what; and that they found a jug in the yard having some liquid in it which Winslett said was not, but they said was, whiskey. There was the testimony, too, of a witness that a few days after the witness was at Butler's

home he heard Winslett say in a group of persons, that he was going to make whiskey, that he couldn't make a living without it. In addition to this, there was direct testimony of one Horton, a whiskey maker of sorts, who had been twice to the penitentiary for whiskey making, and according to the appellant, but evidently not according to the jury because they believed him, "a gentleman of very unsavory reputation and not worthy of belief." He testified patly and without reservation to Winslett's being in the whiskey business saying that on or about July, 1940, he had worked six weeks for Winslett, helping Ira Butler make whiskey. Becoming more specific, he said; that he had made forty to forty-five gallons at a run of non-tax paid whiskey; that Winslett would put it in his car and take it away after he had run it off; that Winslett would haul sugar and shorts to Butler's home and haul the whiskey away in the same car; that sometimes he unloaded it at Butler's house and sometimes he carried it up near the still; that the two stills were already up when Horton went there; and that they would run off about 100 to 150 gallons each week; that they would put the whiskey in tin cans or jugs; and that Winslett would come around the stills. He would ride to the place but he would walk up to the still.

Upon this evidence, which, though given by a moonshiner, would of course, if believed, be sufficient to support a conviction on a charge that the offenses were committed on or about July, 1940, it is appellant's position; that it cannot support a conviction under the charge of the indictment that the offenses were committed on November 2, 1940; and that the balance of the evidence, the finding of stills on Butler's place, and of sugar and chops in Winslett's car on, to-wit, November 2, 1940, standing alone, was not sufficient to convict.

This will not at all do. It has been held too often to require more than a reference to one or two authorities,[1] that the date of an alleged offense as stated in the indictment is not binding so as to limit the proof to that specific date; and that under an allegation like that in the indictment, the proof may fix the offense on any date within the bar of the Statute of Limitations. The evidence was ample to support the con-

viction. The assigned grounds of error are without merit. The judgment is affirmed.

---

[1] Hume v. United States, 5 Cir., 118 F. 689; Yaughn v. United States, 5 Cir., 93 F.2d 550.