William E. OWEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24595.

United States Court of Appeals Fifth Circuit.

Dec. 1, 1967.

William E. Walsh, Jr., Miami, Fla., for appellant.

Michael J. Osman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

COLEMAN, Circuit Judge:

Section 645(a) of Title 15, United States Code provides that:

> "Whoever makes any statement knowing it to be false * * * for the purpose of obtaining for himself or for any applicant any loan [from the Small Business Administration] * * * shall be punished by a fine of not more than $5,000, or by imprisonment for not more than two years, or both."

In connection with a loan, appellant was convicted, in three counts, of three separate falsifications in violation of this section. We affirm.

■ After hurricane Cleo struck the Miami area in September, 1964, appellant made application to the Small Business Administration for a disaster loan of $9,000. On the written application filed for the purpose of obtaining the loan, responding to a specific question, appellant stated there had been no judgments or suits against him. The proof showed absolutely that there were ten judgments of record against him. Accepting the Government's version of the facts, as the jury did, there can be no doubt of guilt as to the Count which charged this particular falsification. It is of no benefit to appellant that an attorney, working for S.B.A. on a fee basis per case, learned of some of the judgments before he closed the loan. The gravamen of the offense is the making of the false statement, knowing it to be false, for the purpose of obtaining the loan. The fact that the attorney later learned the truth did not change the falsity of the representation when made. The offense was completed at the time Owen delivered the application to the attorney, knowing it to be false, and knowing that it was being delivered to a duly authorized representative of S.B.A.

As to this particular loan it was also necessary, before applicant received the proceeds, that he file receipts for purchases made in accordance with the application. On October 22, 1964, prior to receipt of the funds, appellant filed two such "paid invoices" with the closing attorney. These, too, were false. The indictment charged that the invoices were submitted on January 25, 1965. This, of course, was a date subsequent to the disbursement of the loan. If the invoices were actually filed on January 25, 1965, they obviously could not have induced the Small Business Administration to make a loan which had been closed three months previously. Appellant thus argues that the convictions on these two counts cannot stand because the indict-

ment alleged an impossible date. The proof showed, however, that the closing attorney received the paid invoices prior to October 22, 1964, and that he would not have disbursed the proceeds had they not been filed. It was further shown that the indictment charged January 25, 1965, because the documents as submitted to the grand jury bore an S.B.A. file mark of that date. The attorney had held the documents in his files for some time before delivering them to S.B. A. The evidence clearly shows that this resulted in no surprise to or advantage of the defendant. He was not misled. He knew all the time that he had filed the invoices with the attorney before he got the money.

As to prosecutions in United States Courts, we think appellant's contentions were settled by the Supreme Court as far back as 1898. In Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 776, 42 L.Ed. 1162, the Court said,

> "Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offence. Ordinarily, proof of any date before the finding of the indictment, and within the statute of limitations, will be sufficient."

See, also, Winslett v. United States, 5 Cir., 1942, 124 F.2d 302; Hale v. United States, 5 Cir., 1945, 149 F.2d 401, cert. denied, 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436; Berg v. United States, 9 Cir., 1949, 176 F.2d 122, cert. denied, 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537; United States v. Krepper, 3 Cir., 1947, 159 F.2d 958, cert. denied, 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275.

In this prosecution the particular day is not material to the offense. The indictment was returned July 29, 1966, so the incorrect date alleged was not one subsequent to the date the indictment was returned.

■ It behooves prosecutors to be careful of their facts. If such due care had been exercised in this case the inept error as to the date of the delivery of these false invoices would not have occurred. It might also be pointed out as a matter of good pleading that the correct date should always be alleged as against the possibility of future pleas of double jeopardy. By not keeping his dates straight the prosecutor in this case injected much confusion into the trial and the appeal. Nevertheless, the conviction is not invalid.

The Judgment of the District Court is Affirmed.