493 F.2d 473
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Napoleon COOPER, Defendant-Appellant.
No. 73-3260 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 5th Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 29, 1974.
 
 George Peach Taylor, Univ. of Alabama, University, Ala. (Court-appointed), for defendant-appellant.
 Wayman G. Sherrer, U.S. Atty., J. Stephen Salter, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Napoleon Cooper was indicted and subsequently convicted by the district court sitting without a jury for knowingly making a false statement of a material fact in a loan application submitted to the Small Business Administration (SBA) with the purpose of influencing favorable agency action thereon, in violation of 15 U.S.C. 645(a). His direct appeal from the judgment of conviction and concomitant 30-day sentence presents four specifications of error in the proceedings below: (1) Cooper's written, negative responses to questions regarding the nature and number of any previous criminal indictments, arrests or convictions against him, if false, were not material misstatements because either the agency routinely investigated the criminal background of each loan applicant and thus could not have been influenced by the answer, or the information requested is itself irrelevant and immaterial; (2) the prosecution did not introduce sufficient evidence to corroborate Cooper's extra-judicial confession to FBI Agent Carr, in which he admitted that the misstatements were indeed falsely entered to avoid jeopardizing his loan application; (3) Cooper was entitled to be represented at trial by a Ms. McCutcheon, who was not a licensed or trained attorney; and (4) the SBA's requirement that loan applicants disclose their prior criminal record is unconstitutional. Finding each of these contentions to be without merit, we affirm.
 
 
 2
 The statute, as applied at bar, and the agency's request for information about the loan applicant's previous brushes with the criminal law fully comport with the Constitution. In any event, a defendant cannot test the constitutionality of requesting the information by giving a false response. United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969). There is no colorable merit in the proposition that a criminal defendant (especially one who has twice rejected the services of qualified and competent court-appointed counsel) is constitutionally vested with the right of assistance or representation by a lay person. It is similarly clear that Cooper's rejoinders to the SBA's inquiries about his criminal past were both false and materially so within the purview of the statute. See, e.g., United States v. Goberman, 458 F.2d 226 (3d 1972); United States v. East, 416 F.2d 351 (9th Cir. 1969); Owen v. United States, 386 F.2d 774 (5th Cir. 1967); Kovens v. United States, 338 F.2d 611 (5th Cir. 1964). Obviously, Cooper's false replies had 'a natural tendency to influence, or (were) capable of influencing, the decision of the tribunal (SBA) in making a determination required to be made.' Blake v. United States, 323 F.2d 245, 246 (8th Cir. 1963), quoting Gonzales v. United States, 286 F.2d 118, 122 (10th Cir. 1960), and Weinstock v. United States, 97 U.S.App.D.C. 365, 231 F.2d 699, 701 (1956).
 
 
 3
 A cursory review of the record inevitably leads to a denial of Cooper's remaining contention. Defendant's extra-judicial confession and his prior criminal record were amply corroborated by his in-court admissions that FBI Agent Carr had correctly recited the substance of his confession and contemporaneous oral interview, that he had indeed violated Section 645(a), and that he had been arrested on approximately 50 previous occasions. See, e.g., United States v. Khandjian, 489 F.2d 133 (5th Cir. 1974); United States v. Baty, 486 F.2d 240 (5th Cir. 1973). Cooper's sole avowed purpose in proceeding to trial rather than pleading guilty was to preserve his appellate challenges to the constitutionality of the statute as applied, and the trial court's denial of lay representation. Furthermore, he neither objected to the introduction into evidence of Carr's written statement summarizing the oral interview nor cross-examined the agent. Cooper's refusal to challenge the documentation of his criminal record or the corroboration of his confession before the trial court waived his right to insist upon such a contest on this appeal. The decision of the district court is
 
 
 4
 Affirmed.