**Joseph A. BONACCI,
Petitioner–Appellant,**

v.

**Thomas R. KINDT, Warden, FCI La
Tuna, Respondent–Appellee.**

No. 88–1773

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 4, 1989.

Joseph A. Bonacci, Safford, Ariz., pro se.

Harold O. Atkinson, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for respondent-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

*Facts*

Appellant Bonacci, a federal prisoner at FCI–LaTuna serving a sentence imposed in a Utah federal court, drafted a complaint under 28 U.S.C. § 2241 which was filed August 4. Bonacci alleged that the defendant, an FCI–LaTuna warden, was denying him access to the courts and due process, as well as violating Bureau of Prison regulations by not allowing another inmate, Anant Kuman Tripati, to assist him in a telephonic hearing to be held the next day in a pending action in Utah district court.

It is helpful to understand the factual background of the case. Bonacci and another inmate, Richard Tyree, had previously filed a class-action petition in district court in Utah challenging the authority of the Assistant U.S. Attorney who handled their grand jury proceedings. In that case,

they sought both a telephonic hearing and the assistance of inmate Tripati in presenting their arguments. The government in the Utah case objected to Tripati's representation. On July 28, a telephonic hearing was held, and the Utah magistrate denied the request for Tripati's assistance. In a later order, the magistrate stated that the motion was denied because Tripati was not admitted to practice in the Utah court. The court advised Bonacci and Tyree to request permission for Tripati's representation from the district judge.

The defendant responded to the instant complaint with the above-cited exhibits in the Utah case, and the district court gave Bonacci an opportunity to respond to them. Bonacci did not challenge the documents; he merely argued that he sought Tripati's "assistance," not his "representation." Bonacci has admitted that Tripati had assisted in preparing pleadings. Bonacci also attached forms showing that the defendant had denied his request for Tripati's assistance at the telephonic hearing, subject to a court order to the contrary.

At this point, the district court dismissed the § 2241 petition without prejudice, ruling that Bonacci had no right to inmate representation at a hearing and that the defendant warden had thus not violated any right of Bonacci. It dismissed without prejudice because the matter was pending in Utah. Bonacci filed a timely notice of appeal.

### Discussion

In *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the United States Supreme Court considered whether a Tennessee prison regulation was constitutional in providing that, "No inmate will advise, assist, or otherwise contract to aid another, either with or without a fee, to prepare Writs or other legal matters." *Id.* at 484, 89 S.Ct. at 748. The court held that the rule was unconstitutional, at least as applied to illiterate and poorly educated prisoners, since it effectively prevented them from filing habeas corpus petitions. *Id.* at 489, 89 S.Ct. at 750–51.

The appellant in today's case argues that *Johnson* requires that inmates be allowed to assist other inmates in court hearings as well as in preparation of petitions. He further contends that he did not want the fellow-inmate to "represent him," but only to "assist" him. The record reveals that the appellant wanted the assisting inmate, Tripati, to argue a motion for post-conviction relief.

Although it may sometimes be unclear whether a particular act constitutes the practice of law, there can be little doubt that arguing a motion before a court for another inmate is representation. Argumentation is, of course, the hallmark of the adversarial system. The Supreme Court has never sanctioned this sort of representation by non-party laymen, nor has any of the federal circuits. *See, e.g., United States v. Taylor*, 569 F.2d 448 (7th Cir.), *cert. denied*, 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803 (1978). One of the reasons cited by the court for allowing inmate assistance in the preparation of habeas corpus petitions was the fact that it "is a function often, perhaps generally, performed by laymen." *Johnson, supra* at 490, n. 11, 89 S.Ct. at 751, n. 11. Arguing motions is certainly not such a function.

We have held that "a defendant does not have a Sixth Amendment right to representation by a lay person." *United States v. Brown*, 591 F.2d 307, 310 (5th Cir.1979). *See also Weber v. Garza*, 570 F.2d 511 (5th Cir.1978); *United States v. Arlt*, 560 F.2d 200 (5th Cir.1977), *after remand*, 567 F.2d 1295 (5th Cir.1978); *United States v. Cooper*, 493 F.2d 473, 474 (5th Cir.), *cert. denied*, 419 U.S. 859, 95 S.Ct. 108, 42 L.Ed.2d 93 (1974). The First Circuit, in *Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41 (1982), similarly noted that while *Johnson* gave prisoners the right to seek assistance of other inmates, the case does not provide for lay representation. *Id.* at 42.

We conclude that the appellant's constitutional rights were not infringed by denying his request for representational assistance by a fellow inmate. The ruling of the district court is therefore

AFFIRMED.