946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gloria McLaurin, Patrice D. McLaurin, Chris B. Williams,
Plaintiffs-Appellants,
Donald G. Samuel, Plaintiff,
v.
NORTHLAND SECURITY POLICE DETAIL, Northland Shopping Center,
The Center Companies, Equitable Real Estate
Investment and Management, Inc.,
Defendants-Appellees.
 No. 91-1111.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the plaintiff's motion for reversal, new trial and/or default judgment, responses thereto, briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs filed a complaint in the Wayne County, Michigan, Circuit Court alleging that defendants violated their rights by certain acts occurring on November 17, 1988. Specifically, the plaintiffs alleged their civil rights had been violated under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Michigan's Elliott-Larsen Act. Also, they alleged that their constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments were violated. Plaintiffs additionally alleged trespass, assault, battery, kidnapping, false imprisonment, libel and slander.
 
 
 3
 The action was removed from the Wayne County, Michigan, Circuit Court to the United States District Court for the Eastern District of Michigan. By orders filed August 14 and 30, 1990, summary judgment was granted as to Equitable Real Estate Investment and Management, Inc. Further, all constitutional and civil rights claims as to the other defendants were dismissed and only the false arrest and false imprisonment claims proceeded to trial. After a hearing at which the plaintiffs were represented by counsel, the jury found for the defendants. The judgment was filed October 31 and entered November 6, 1990. Plaintiffs filed a Fed.R.Civ.P. 60(b) motion for relief, a motion regarding newly discovered evidence, and a motion for judgment notwithstanding the verdict; all of which were denied by order filed December 17 and entered December 18, 1990. On December 18, McLaurin filed motions to reinstate the constitutional and civil rights claims, for reversal, new trial, or for the case to be removed to the Circuit Court for the County of Oakland. The December 18 motions were denied by order entered on December 27, 1990. McLaurin appealed on January 18, 1991.
 
 
 4
 The notice of appeal lists Gloria McLaurin, Patrice McLaurin and Chris Williams as appellants. However, only Gloria McLaurin signed the notice of appeal. Parties may plead and conduct their cases personally or by counsel. 28 U.S.C. § 1654; Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir.1989); Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir.1984). Counsel did not file the notice of appeal, and the failure of Patrice McLaurin and Chris Williams to sign the notice of appeal leaves this court without jurisdiction over them. Accordingly, the only appellant before this court is Gloria McLaurin.
 
 
 5
 McLaurin's argument on appeal include assertions that the constitutional and civil rights claims were improperly dismissed, that the jury improperly consisted of all white members, that her criminal conviction for disorderly conduct was retried in the district court in this civil action, that security lacked authority to arrest her, and that inconsistencies in testimony between the parties are grounds for reversal.
 
 
 6
 This court has jurisdiction to review only the denial of McLaurin's Rule 60(b) motion. Although McLaurin is attempting to appeal from every order of the district court, the appeal period in this case is 30 days. Fed.R.App.P. 4(a). The motions for relief from verdict and judgment notwithstanding the verdict were served within ten days after entry of the judgment and tolled the appeal period pursuant to Fed.R.App.P. 4(a)(4). White v. New Hampshire Dep't of Empl. Sec., 455 U.S. 445, 451 (1982); Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir.1990); Harcon Barge Co. v. D. & G. Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 40-41 (2d Cir.1982). Such motions were denied by order entered December 18, 1990, and any notice of appeal from that order was due to be filed on or before January 17, 1991. See Fed.R.App.P. 4(a) and 26(a). The notice of appeal filed January 18, 1991, is late as to that order; therefore, this court lacks jurisdiction to review the judgment and the order entered on December 18.
 
 
 7
 On December 18, 1990, McLaurin filed motions for reinstatement of the constitutional and civil rights claims, reversal, new trial and/or removal of the case back to state court. The motion for reversal, new trial and/or removal was filed pursuant to Fed.R.Civ.P. 60(b). These motions could be treated as successive motions for reconsideration and do not toll the appeal period. Moody, 915 F.2d at 206; Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253, 254 (6th Cir.1983) (per curiam), cert. denied, 469 U.S. 1221 (1985). Such motions were denied by order entered December 27, 1990. Because at least one motion was filed pursuant to Fed.R.App.P. 60(b), the notice of appeal filed January 18, 1991, permits this court to review the December 27 order. However, an appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. Amernational Indus., Inc., v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 111 S.Ct. 2857 (1991); McKnight v. United States Steel Corp., 726 F.2d 333, 338 (7th Cir.1984). Therefore, the only order which this court has jurisdiction to review is the order entered December 27, 1990.
 
 
 8
 An abuse of discretion standard is applied to a Rule 60(b) decision. Miller v. Owsianowski (In re Salem Mortg. Co.), 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of HHS, 776 F.2d 1330, 1332 (6th Cir.1985). In McLaurin's Rule 60(b) motion, she repeats the same arguments that she made numerous times before; namely, that it was error for the district court to dismiss the constitutional and civil rights claims, that the case should have been remanded back to the court from which it was removed, that the private security guards did not have authority to issue a citation, that the hearing resulted in double jeopardy, that she had some unspecified newly discovered evidence and that defendants lied. The motion thus sought reconsideration of the previous rulings made in the district court and did not present any new matters for reconsideration. Therefore, the district court did not abuse its discretion in denying the motion.
 
 
 9
 Accordingly, it is ORDERED that McLaurin's motion for reversal, new trial and/or judgment notwithstanding the verdict be denied and the district court's order entered December 27, 1990, denying the Rule 60(b) motion be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.