977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John D. KIRK; Ricky Estes, Plaintiffs-Appellants,
v.
Robert SIMPSON, Sheriff, Defendant-Appellee.
 No. 91-6513.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 John D. Kirk is a former inmate of the Cannon County jail in Woodbury, Tennessee. He appeals pro se from an order which denied his motion for preliminary injunctive relief and dismissed several of the claims that he had brought in a civil rights action against the sheriff who is responsible for operating the jail. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Kirk and another prisoner, Ricky Estes, alleged that the conditions at the jail were unconstitutional for a variety of reasons. A magistrate judge conducted a preliminary hearing, and the district court subsequently denied Kirk's motion for preliminary injunctive relief. On December 2, 1991, the court denied Kirk's motion to reconsider this order. In addition, the court adopted the magistrate's recommendation to dismiss Estes's claims under Tennessee's one-year statute of limitations. It also dismissed Kirk's claims for prospective injunctive relief and all but one of his claims for monetary relief. Kirk requests counsel on appeal as well as copies of the hearing transcript and depositions that were given to the defendant's attorney.
 
 
 3
 The defendant moved to dismiss Kirk's appeal. However, a panel of this court denied the motion because the order included a denial of Kirk's motion to reconsider his request for a preliminary injunction. See 28 U.S.C. § 1292(a). This court's interlocutory review of injunctive orders under § 1292(a) is plenary. United States v. Michigan, 940 F.2d 143, 151-52 (6th Cir.1991). Thus, we have jurisdiction to review and consider the entire record. Id. at 152.
 
 
 4
 Initially, we note that the district court properly found that Kirk cannot represent another prisoner. See Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir.1989). Therefore, this appeal will be dismissed insofar as it involves Ricky Estes because he did not sign the notice of appeal. See 28 U.S.C. § 1654; Fed.R.Civ.P. 11.
 
 
 5
 The denial of a motion for a preliminary injunction is reviewed for an abuse of discretion on appeal. International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991). The district court did not abuse its discretion here because Kirk's need for immediate injunctive relief was mooted by his transfer to the state penitentiary. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).
 
 
 6
 Kirk argues that his claim for prospective injunctive relief is not moot because he is likely to be incarcerated at the jail when he seeks post-conviction relief from his criminal sentence. An injunctive claim should not be dismissed for lack of standing if it is capable of repetition yet evading review. Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (per curiam). However, this narrow exception is inapplicable here because Kirk's reply brief indicates that his post-conviction hearing has already been held. Therefore, the dismissal of Kirk's claims for prospective injunctive relief will be affirmed because he no longer has standing to pursue those claims. Id. at 149.
 
 
 7
 The district court specifically declined to dismiss Kirk's claim that the jail was unsanitary. The defendant has not challenged this finding, and it is not at issue in this appeal. We also find that Kirk has abandoned his substantive due process claim because no argument regarding that claim is included in his appellate brief. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 It is apparent that the court relied on the transcript of the magistrate's preliminary proceeding in reaching its decision on Kirk's remaining claims. Under these circumstances, we construe the district court's ruling as an award of partial summary judgment. Fed.R.Civ.P. 12(c). An award of summary judgment is reviewed de novo on appeal. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 9
 The court dismissed Kirk's remaining claims because it found that the defendant had not been deliberately indifferent to his serious needs. See Wilson v. Seiter, 111 S.Ct. 2321, 2323-27 (1991). The undisputed evidence indicates that the defendant actively lobbied the county commission for a new jail. Thus, partial summary judgment is appropriate because no genuine issue remains for trial as to whether the defendant was deliberately indifferent to overcrowding at the jail.
 
 
 10
 However, the defendant's lobbying efforts for a new jail are not a sufficient response to Kirk's allegations that there was inadequate security, ventilation, recreational facilities, opportunities for showers, fire safety procedures and legal resources for the prisoners at the jail. These allegations involve the day to day operation of the jail, and they may have been ameliorated by actions less drastic than reconstruction or extensive renovation. For instance, the undisputed testimony indicates that a fire in the drunk tank was allowed to burn for twenty minutes while inmates were locked in the adjacent confinement area because there was no one on duty at the jail who was able or authorized to unlock the doors to that area. There was evidence that at least two fire extinguishers were kept in the jail. However, this evidence only creates a question of fact that is properly resolved at trial. The same can be said for each of the other remaining claims. A trier of fact may find that the defendant was not deliberately indifferent or that Kirk suffered little or no injury because of the alleged violations. However, genuine issues of fact remain on these claims which preclude summary judgment at this time.
 
 
 11
 Accordingly, Kirk's requests for counsel and for copies of the transcript and depositions are denied. The district court's order is affirmed insofar as it denied Kirk's request for a preliminary injunction. The dismissal of Kirk's claim for prospective injunctive relief is also affirmed as well as the dismissal of his substantive due process and overcrowding claims. However, the order is vacated to the extent that it dismisses Kirk's remaining claims. Rule 9(b)(3), Rules of the Sixth Circuit.