986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary D. TEBBETS, Petitioner-Appellant,
v.
Fred ALLENBRAND and the Attorney General of Kansas,
Respondents-Appellees.
 No. 92-3329.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this habeas corpus appeal, the pro se petitioner is seeking a certificate of probable cause. The petitioner was arrested in January 1988 on charges of interfering with a police officer and criminal trespass. He was convicted four months later by the District Court of Johnson County, Kansas. The Kansas Court of Appeals overturned this conviction and the petitioner was retried in July 1989. A jury found the petitioner guilty of both charges and he received concurrent prison sentences of 180 days on the interference charge and 90 days on the trespass charge. The petitioner filed a notice of appeal with the Kansas Court of Appeal and requested a free trial transcript on the ground of indigency. This request was denied and the petitioner's appeal was dismissed. Both the Kansas Supreme Court and the United States Supreme Court declined to review this dismissal.
 
 
 2
 The petitioner filed this habeas corpus action in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 2254.[1] The petitioner alleged that his convictions violated his constitutional rights to speedy trial, assistance of counsel, and due process. The district court dismissed the petitioner's contentions and refused to grant his request for a certificate of probable cause. Because we agree with the district court's conclusion that the petitioner's arguments are frivolous, we also decline to grant the petitioner's request for a certificate of probable cause and conclude that the petitioner's appeal should be dismissed.[2]
 
 
 3
 Title 28, United States Code, § 2253 requires a petitioner to obtain a certificate of probable cause before appealing a final order in a habeas corpus proceeding under 28 U.S.C. § 2254. Section 2253 provides that a certificate of probable cause may be issued either by the district court or the court of appeals. To receive a certificate of probable cause, a petitioner must "make a 'substantial showing of the denial of [a] federal right.' " Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quoting Stewart v. Beto, 454 F.2d 268, 270 n. 2 (5th Cir.1971), cert. denied, 406 U.S. 925 (1972)). A petitioner may satisfy this requirement by demonstrating that the denial of such a right is "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Id. at 893 n. 4 (quoting Gordon v. Willis, 516 F.Supp. 911, 913 (N.D.Ga.1980)) (emphasis in original). In this case, we find that none of the petitioner's claims satisfy this standard.
 
 I. Right to Counsel
 
 4
 Initially, the petitioner contends that he was denied his Sixth Amendment right to counsel. The petitioner advances three arguments in this regard.
 
 
 5
 First, the petitioner contends that he was denied his counsel of choice when the trial court refused to permit him to proceed pro se with the assistance of his friend, Gary Rickman. However, Mr. Rickman is neither trained in the law nor licensed to practice law. While the Sixth Amendment right to assistance of counsel includes the right to counsel of one's choice, United States v. Collins, 920 F.2d 619, 624-26 (10th Cir.1990), cert. denied, 111 S.Ct. 2022 (1991), counsel means "an individual who is authorized to the practice of law," United States v. Grismore, 546 F.2d 844, 847 (10th Cir.1976); accord United States v. Thibodeaux, 758 F.2d 199, 201 (10th Cir.1985); United States v. Martin, 790 F.2d 1215, 1218 (5th Cir.1986); United States v. Taylor, 569 F.2d 448, 451 (7th Cir.1978); United States v. Kelley, 539 F.2d 1199, 1202-03 (9th Cir.1976). Accordingly, whether sought for the purpose of representation, or merely advice, "there is no colorable merit in the proposition that a criminal defendant is constitutionally vested with the right of assistance ... by a lay person." United States v. Cooper, 493 F.2d 473, 474 (5th Cir.1974).
 
 
 6
 Second, the petitioner contends that he was impermissibly convicted without counsel. As noted above, however, the petitioner informed the trial court that he wished to represent himself with the aid of Mr. Rickman. On the basis of the record before us, we hold that this insistence on proceeding pro se with the assistance of a non-licensed attorney constituted a waiver of the petitioner's right to counsel.
 
 
 7
 The petitioner argues that any such waiver was invalid because Kansas law requires a defendant to sign a written statement as a prerequisite to the waiver of counsel. See K.S.A. § 22-3426. For purposes of the Sixth Amendment, however, Kansas law is not controlling. Under the Sixth Amendment, the question is whether the defendant's waiver of counsel was knowing and intelligent in light of the totality circumstances, taking into account the defendant's background, experience, and conduct. United States v. Williamson, 806 F.2d 216, 220 (10th Cir.1986).
 
 
 8
 In this case, the record does not indicate whether the defendant was informed of his right to counsel. Ordinarily, no presumption can arise from a silent record that the accused knowingly and intelligently waived his rights. See Boykin v. Alabama, 395 U.S. 238, 242 (1969); Carnley v. Cochran, 369 U.S. 506, 516 (1962); Williamson, 806 F.2d at 219. However, when an accused seeks to revisit an earlier conviction by means of a collateral proceeding, a presumption of regularity attaches to the prior conviction. Parke v. Raley, 61 U.S.L.W. 4007, 4010 (U.S. Dec. 1, 1992) (No. 91-719). In such a case, the burden falls on the defendant to show that his waiver of rights was not knowing and intelligent. Id. Here, the petitioner has failed to point to any evidence suggesting that his waiver of counsel was not knowing and intelligent. Accordingly, we reject his claim that he was impermissibly convicted without counsel.
 
 
 9
 Finally, the petitioner argues that the trial court should have appointed standby counsel. However, a defendant has no constitutional right to the appointment of standby counsel. United States v. Gigax, 605 F.2d 507, 517 (10th Cir.1979). Rather, the appointment of standby counsel is within the "broad discretion of the trial court." Id. In this case, the petitioner has failed to provide any evidence demonstrating that the trial judge abused his discretion. Accordingly, we conclude that the absence of standby counsel did not violate the petitioner's Sixth Amendment rights.
 
 II. Speedy Trial
 
 10
 The petitioner next contends that he was denied his right to a speedy trial. To determine whether a defendant has suffered a speedy trial deprivation, a court must balance four factors: the length of the delay, the reasons for the delay, the defendant's assertion of his rights to a speedy trial, and the prejudice suffered by the defendant. See Barker v. Wingo, 407 U.S. 514, 530 (1972). Applying these factors to the instant case, we conclude that the petitioner was not deprived of his right to a speedy trial.
 
 
 11
 Although the time between the petitioner's arraignment and his second trial was 18 months, the bulk of this delay was attributable to the petitioner's decision to appeal the results of his first trial. "It has long been the rule that when a defendant obtains a reversal of a prior, unsatisfied conviction, he may be retried in the normal course of events." United States v. Ewell, 383 U.S. 116, 121 (1966) (19-month delay did not violate defendant's right to speedy trial where delay was attributable to defendant's decision to appeal). While the petitioner argues that the appeal itself was unnecessarily prolonged by the government's failure to file a timely response, there is no evidence that the government's conduct was "purposeful or oppressive." Perez v. Sullivan, 793 F.2d 249, 253 (10th Cir.1986).
 
 
 12
 Additionally, the petitioner has failed to demonstrate that he was prejudiced by the 18-month delay. The petitioner was not in custody nor was he deprived of the use of any evidence. In the absence of any other spectre of prejudice, "we have a great reluctance to find a speedy trial deprivation." Perez v. Sullivan, 793 F.2d 249, 256 (10th Cir.1986). Accordingly, notwithstanding the fact that petitioner continuously asserted his right to a speedy trial, we agree with the district court's conclusion that the petitioner was not deprived of this right.
 
 III. Due Process
 
 13
 The petitioner's final contention is that he was denied due process. Once again, the petitioner raises several arguments in support of this claim.
 
 
 14
 First, the petitioner contends that he was denied his right to appeal because he was not provided with a free transcript of his second trial in the Johnson County District Court. In Griffin v. Illinois, 351 U.S. 12 (1956), the Supreme Court held that the denial of a free transcript to an indigent defendant for purposes of a non-discretionary appeal violated due process. In the instant case, however, the Johnson County District Court found that the petitioner did not satisfy Kansas' standards of indigency.[3] Since the petitioner does not challenge these standards or the court's factual findings, we conclude that the denial of a free transcript did not constitute a violation of due process.
 
 
 15
 Second, the petitioner contends that the trial judge held an ex parte hearing with the prosecutor at which the judge quashed a subpoena issued to the prosecutor. The petitioner does not deny that the hearing was public but argues that it was invalid because he was not properly notified of its occurrence. However, the trial court found that the petitioner was properly notified of the subpoena hearing. Since the petitioner has failed to demonstrate that this finding is erroneous, we must accept this finding for purposes of the petitioner's habeas corpus petition. See 28 U.S.C. § 2254(d). Accordingly, we reject the petitioner's claim that the subpoena hearing was improper.
 
 
 16
 Finally, the petitioner contends that the trial court impermissibly denied his motions to have the jury provided with a copy of the United States Constitution during its deliberations and to have the jury sworn to uphold the United States Constitution as the supreme law of the land. However, the petitioner has failed to show that he was prejudiced in any manner by the trial court's ruling. In the absence of a showing that a state court's procedural ruling was so prejudicial as to deprive a defendant of fundamental fairness, a federal court may not overturn the ruling on collateral review. Nicholas v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989). Accordingly, we conclude that the petitioner has failed to allege any cognizable due process violation.[4]
 
 
 17
 Having found that the petitioner's claims are devoid of any merit, we deny the petitioner's request for a certificate of probable cause. Accordingly, we direct that the petitioner's appeal should be dismissed.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the petitioner had been released from jail at the time he filed his habeas corpus petition, he was still serving a one-year term of parole. Accordingly, the district court had jurisdiction to entertain the petitioner's suit. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (parole constitutes custody within the meaning of the habeas corpus statute)
 
 
 [2]
 Given our conclusion that the petitioner's appeal should be dismissed, we need not reach the question of whether the respondents, Johnson County Sheriff Fred Allenbrand and the Attorney General of Kansas, are proper parties to this proceeding. The respondents contend that they are not proper parties because at the time the petitioner filed this action, his parole was being supervised by the City of Overland Park, not by Johnson County or the State of Kansas
 
 
 [3]
 Although the court had concluded on a previous occasion that the petitioner was indigent, the court found that the petitioner's financial status had changed since its prior ruling
 
 
 [4]
 The petitioner also alleges that he was denied due process because the complaint was improperly filed, the trial court violated Kansas Supreme Court Rule No. 167, there was improper contact between a city witness and a member of the jury, there was improper joinder of his two criminal cases, the trial court refused to permit citation of United States Supreme Court case law, he was denied compulsory process, and the prosecution violated a motion in limine prohibiting references to the petitioner's prior arrests. These claims were not timely presented nor considered below. Accordingly, we decline to consider these issues on appeal. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989); Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1282 (10th Cir.1988)