**Michael W. SMITH, Plaintiff–Appellant,**

v.

**Jay DUKES; Cpl. D. Fiedler; Cpl. Webb; Cpl. Struggs; John 1–9; James Dukes, Defendants–Appellees.**

No. 00–6280.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before RYAN and BOGGS, Circuit Judges; WILLIAMS, District Judge.*

Michael W. Smith, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Smith sued multiple prison officials on behalf of himself and two other inmates. The district court removed the other inmates as plaintiffs and addressed the complaint only as to Smith. Smith alleged that the defendants interfered with his legal proceedings, confiscated his property, and damaged his property. Although Smith had not exhausted his available administrative remedies, the district court dismissed the complaint on the merits because the allegations were frivolous.

In his timely appeal, Smith argues that: 1) the district court should not have removed his fellow inmates as parties; 2) the district court erred in dismissing his access to the courts claims; 3) he stated a claim for unlawful seizure; 4) his cruel and unusual punishment claim should not have been dismissed; and 5) he was entitled to injunctive and declaratory relief.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

■ Smith asserts that the district court should not have removed his fellow inmates as plaintiffs. However, an individual who brings an action in federal court must either proceed pro se or have a li-

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

censed attorney. *Bonacci v. Kindt,* 868 F.2d 1442, 1443 (5th Cir.1989). As Smith was not a licensed attorney, he could not represent his fellow inmates in this action. The argument is meritless.

■ As for Smith's remaining claims, the complaint had to be dismissed for failure to exhaust available administrative remedies. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the plaintiff must establish that all available administrative remedies have been exhausted as to all his claims and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104. It is undisputed that Smith did not establish that he exhausted his available administrative remedies as to all his claims prior to filing his suit. As Smith has failed to exhaust his administrative remedies, the complaint had to be dismissed for not complying with § 1997e. *Booth,* 121 S.Ct. at 1825.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.