# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 21, 2014 at Knoxville

## ALEXA WILLIAMS A.K.A. ELIZABETH WILLIAMS EL V. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. 14CR29    Donald E. Parish, Judge**

---

**No. W2014-00312-CCA-R3-CD  - Filed January 12, 2015**

---

Alexa Williams a.k.a. Elizabeth Williams El ("the Appellant") was convicted by a jury of ten traffic offenses. In this direct appeal, the Appellant contends: (1) the judgments of conviction are not valid because bail was excessive; (2) the trial court improperly refused to allow the Appellant to have "counsel of her choice"; and (3) the trial court lacked jurisdiction. After a thorough review of the record and the applicable law, we find the issues without merit and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments
of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Alexa Williams a.k.a. Elizabeth Williams El, *pro se*, Huntington, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Hansel J. McCadams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

A Carroll County Grand Jury indicted the Appellant on ten traffic offenses in Case No. 14CR29. The Appellant proceeded to a jury trial on February 3, 2014. The jury convicted her on each count and set the fine. The trial court entered judgments on each count, sentencing the Appellant as follows:

| Count No. | Offense | Offense Date | Fine | Sentence |
|---|---|---|---|---|
| 1 | Speeding | July 17, 2013 | $50 | none |
| 2 | Driving without a valid license | July 17, 2013 | $50 | 30 days |
| 3 | Violation of registration law | July 17, 2013 | $10 | 30 days |
| 4 | Violation of financial responsibility law | July 17, 2013 | $100 | none |
| 5 | Driving without a valid license | August 18, 2013 | $50 | 30 days |
| 6 | Violation of registration law | August 18, 2013 | $10 | 30 days |
| 7 | Violation of financial responsibility law | August 18, 2013 | $100 | none |
| 8 | Driving without a valid license | August 19, 2013 | $50 | none |
| 9 | Violation of registration law | August 19, 2013 | $10 | 30 days |
| 10 | Violation of financial responsibility law | August 19, 2013 | $100 | none |

The trial court ordered the sentences to be served concurrently, and the Appellant appealed raising three issues.

## **Analysis**

We will address separately each issue as it appears in "Statement of the Issue [sic] Presented for Review" in the Appellant's brief.[1]

*"1. Whether the trial court erred in setting the bond at $15,000?"*

The Appellant asks that the "trial court's decision be reversed and discharged with prejudice based on the court [sic] error in issuing an excessive bail." The Appellant did not file a written motion seeking to alter the conditions for her release prior to her conviction as

---

[1] Appellant changes the wording of the three issues in the argument section of her brief, but the three sections of the arguments correspond with the three issues presented.

is required by Tennessee Rule of Appellate Procedure 8. State v. Melson, 638 S.W. 342 (Tenn. 1982). The issue of pre-trial bail is therefore waived because it was not raised until after trial, and the "appeal of this issue at this point is of no practical effect or benefit to the [Appellant]." Id. At 358. The issue is moot.

*"2. Whether the trial court erred in stating Appellant could only have a license [sic] attorney as counsel?"*

In the trial court, the Appellant wanted her father, who was not licensed to practice law, to represent her. She claimed that having a licensed attorney "admits to the jurisdiction of the court[.]" To support that argument in this Court, she cites "Const. of the U.S.; 1791 Bill of Rights; Art. 1, § 6." The two constitutional authorities cited by the Appellant do not in any way support the Appellant's argument that she can be represented by a non-attorney. To the contrary, the Sixth Amendment has been interpreted to guarantee the right to effective assistance of counsel in a criminal prosecution and to appointment of counsel if the person cannot afford counsel and wants to be represented. Powell v. Alabama , 287 U.S. 45 (1932); Gaston L. Edison v. State, No. 02C-019109-CR00209, 1992 WL 156032, at *7 (Tenn. Crim. App. July 8, 1992). Counsel has consistently been held by the courts to mean a licenced attorney. State v. Sower, 826 S. W. 2d 924, 929 (Tenn. Crim. App. 1991); United States v. Cooper, 493 F.2d 473 (5th Cir.). The Appellant does not have a constitutional right or any other legal right to have a non-attorney represent her. Not only does she not have the right to be represented by a non-attorney, such representation would subject the non-attorney to criminal prosecution. Tennessee Code Annotated section 23-3-103 provides in pertinent part:

> (a) No person shall engage in the practice of law or do law business, or both, as defined in § 23-3-101, unless the person has been duly licensed and while the person's license is in full force and effect . . .

> (b) Any person who violates the prohibition in subsection (a) commits a Class A misdemeanor.

The trial court tried to determine if the Appellant could afford counsel or if she wanted appointed counsel. She repeatedly answered his inquiries by responding, "I have counsel of my choice" or "that is a question for the defendant." As mentioned previously, the Appellant questioned the court's jurisdiction because there was no "authorized signature [for her] to appear as the defendant[.]" When the trial court offered to have the clerk help her fill out the forms to determine if an attorney could be appointed, the Appellant stated, "[Y]our honor, I am at arm's length. I am not here to answer the question as the defendant." By refusing to provide the necessary information for the trial court to appoint counsel and

-3-

by insisting that she be represented by a non-attorney, the Appellant effectively chose to represent herself. This issue is without merit.

*"3. Whether the trial court erred in charging Tennessee Code Annotated [section] 55-4-108(a) without evidence of a signed registration?"*

In the argument section of her brief, Appellant challenges the trial court's jurisdiction to hear the charges against her. She claims that because she did not produce a signed registration or signed driver's license that the trial court did not have jurisdiction. She also claims that because the citations were signed by her "under duress," they do not contain her signature. State Trooper Mark Jackson stopped the Appellant for speeding on July 17, 2013, and cited the Appellant for what would become Counts 1 to 4. Trooper Jackson testified the offenses and the stop took place in Carroll County.

Huntington Police Sergeant Brad Allen stopped the Appellant's burnt orange BMW on Buena Vista Road in Carroll County on August 18, 2013, after observing an altered license plate. Sergeant Allen cited the Appellant for what would become Counts 5 to 7.

Huntington Police Patrolman Chris Cole stopped the Appellant on Knox Street in Carroll County on August 19, 2013, for an improper license plate. He cited the Appellant for what would become Counts 8 to 10.

Driving on the highways of Tennessee is not a "fundamental right," but rather a privilege which the state grants "upon compliance with statutory licensing procedures." State v. Booher, 978 S.W.2d 953, 956 (Tenn. Crim. App. 1997). In Booher, this Court stated, "State and local governments possess an inherent power, i.e. police power, to enact reasonable legislation for the health, safety, welfare, morals, or convenience of the public." The requirement that an individual have a valid driver's license and register that person's vehicle before operating a motor vehicle on the public highways of Tennessee has long been recognized as a reasonable application of that police power.

Jurisdiction, both *in personam* and of the subject matter, is acquired by the State of Tennessee by the act of the Appellant in operating a motor vehicle on the public highways of the state. Venue of an offense is in the county where the offense was committed. The Circuit Court of Carroll County has jurisdiction over all crimes and misdemeanors committed in Carroll County. See Tenn. Code. Ann.§ 16-10-102; see also State v. Keller, 813 S. W. 2d 146, 147-48 (Tenn. Crim. App. 1991). We conclude that the Circuit Court for Carroll County had jurisdiction over the Appellant because the offenses were committed in Carroll County.

Although not specifically raised as an issue, the Appellant in her Conclusion asks, *"Does the State of Tennessee have authority to compel the Appellant to register her automobile to use the highway in the ordinary way converting that right into a privilege?"* The State of Tennessee does not have the authority to physically force the Appellant to register her automobile. However, if she violates the registration law and drives on the public highways, she can be prosecuted. Driving on the public highways of Tennessee, as previously discussed, is not a right, only a privilege.

### Conclusion

Based on the foregoing, we affirm the trial court's judgments.

_____
ROBERT L. HOLLOWAY, JR., JUDGE